IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MOUNTAIN STATE CARBON, LLC
and SNA CARBON, LLC,

    Plaintiffs,

v.                                              Civil Action No. 5:12CV77
                                                                 (STAMP)
RG STEEL WHEELING, LLC,
WILLIAM C. BEINECKE,
THOMAS CERA and
RONALD SHOEMAKER,

    Defendants,

and

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO/CLC,

    Intervenor.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR REMAND AND
DENYING WITHOUT PREJUDICE ALL OTHER PENDING MOTIONS**

I.  Procedural History

This civil action was filed in the Circuit Court of Brooke County, West Virginia as the result of a dispute over certain coke produced by plaintiff Mountain State Carbon ("Mountain State") at coke plants in Follansbee, West Virginia. The plaintiffs allege that defendant RG Steel Wheeling, LLC ("RG Steel") and its agents breached contractual agreements, wrongfully eliminated members of Mountain State's management team, and stole coke from Mountain State. As a result of developments in the case, the plaintiffs filed an amended complaint in state court which raised the claims

currently before this Court. The amended complaint brings one count requesting declaratory judgment and injunction concerning RG Steel's removal of a Mountain State officer; one count requesting declaratory judgment and injunction concerning Mountain State's termination of RG Steel's Coke Supply Agreement; one count requesting, in the alternative, declaratory judgment and injunction concerning Mountain State's suspension of performance under RG Steel's Coke Supply Agreement; and finally, one count alleging a tort claim for conversion.

On May 31, 2012, defendant RG Steel filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which case is pending as Case No. 12-11664 in the United States Bankruptcy Court for the District of Delaware. Following this bankruptcy filing, the defendants removed this civil action to this Court, claiming that this Court now had "related to" jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452. The defendants support their assertion of federal jurisdiction by claiming that they are entitled to removal of this action because it has arisen in and/or is related to the bankruptcy case filed by RG Steel, because it concerns RG Steel's property and/or estate. The defendants admit that this civil action is a non-core proceeding to the related bankruptcy matter, but argue that RG Steel has consented to entry of final orders or judgment by the bankruptcy judge.

In response to the notice of removal, the plaintiffs filed a motion for remand, wherein they admit that this Court does have jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1334 and 1452. However, the plaintiffs argue that this Court must abstain from exercising its jurisdiction, and remand the case to Circuit Court of Brooke County. Only RG Steel responded to the motion for remand, and argued that abstention is not appropriate in this case. The plaintiffs replied, and this motion is now ripe for disposition by this Court.

Defendant RG Steel also filed a motion to transfer venue to the District of Delaware. In this motion, RG Steel argues that transfer is proper because the related bankruptcy matter is proceeding in that district. The motion to transfer has been joined by the intervenor party, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"). Also pending in this case are two motions to dismiss and a motion for preliminary injunction filed in state court prior to removal. None of these motions have been fully briefed by the parties. The plaintiffs' motion to remand and defendant RG Steel's motion to transfer venue are both fully briefed and ripe for disposition by this Court. For the reasons that follow, this Court must abstain from exercising jurisdiction over this case and will remand this civil action to the Circuit Court of Brooke County. As a result, this Court will

deny defendant RG Steel's motion to transfer venue, as well as all other pending motions without prejudice.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. <u>Caterpillar Inc. v. Williams</u>, 484 U.S. 386, 392 (1987). A federal district court has original jurisdiction over cases "arising in or related to cases under title 11 [bankruptcy cases or proceedings]." 28 U.S.C. § 1334(b). This jurisdictional grant is known as "related to" jurisdiction, and provides the district court original but not exclusive jurisdiction over all cases that qualify as "related to" a bankruptcy matter as that term has been defined by case law.

However, when jurisdiction is based solely upon 28 U.S.C. § 1334(b), the Court is permitted or required to abstain from the exercise of jurisdiction in certain situations. Title 28, United States Code, Sections 1334(c)(1) and 1334(c)(2) provide for both permissive and mandatory abstention to be exercised by district courts. Section 1334(c)(2) provides for mandatory abstention:

> Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, <u>related to</u> a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action cannot have commenced in a court of the United States absent jurisdiction under this section, the district court <u>shall abstain</u> from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

4

28 U.S.C. § 1334(c)(2) (emphasis added). "In other words, a district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court." Wheeling-Pittsburgh Corp. v. Am. Ins. Co., 267 B.R. 535, 538 (N.D. W. Va. 2001) (quoting Howe v. Vaughan, 913 F.2d 1138, 1142 (5th Cir. 1990)).

### III.  Discussion

In their motion for remand, the plaintiffs do not contest the validity of the defendants' notice of removal, and also admit that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 because it is related to the RG Steel bankruptcy case currently pending in the United States Bankruptcy Court for the District of Delaware.  However, the plaintiffs assert that, pursuant to the above-quoted 28 U.S.C. § 1334(c)(2), this Court must abstain from exercising jurisdiction over this civil action. They claim that this case easily satisfies the standards for mandatory abstention because it is a non-core, related matter that can be timely adjudicated in state court.

Courts and commentators have derived five basic factors from the mandatory abstention statute to be employed by district courts in deciding whether or not mandatory abstention applies. These factors include whether: (1) a timely motion to abstain has been made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a Title 11 case but is not a core proceeding; (4) the action could not have been commenced in federal

court absent jurisdiction under § 1334; and (5) an action is commenced, and can be timely adjudicated, in state court with proper jurisdiction. Id. (citing In re Midgard Corp. v. Kennedy, 204 B.R. 764, 776-79 (BAP 10th Cir. 1997), and Business and Commercial Litigation in Federal Courts § 45.5 (Robert L. Haig Ed. 1998)).

It is clear to this Court that this case qualifies for mandatory abstention under the first four elements delineated above. Further, RG Steel admits that this case meets the first four elements of mandatory abstention. First, the plaintiffs' motion asking this Court to abstain from exercising jurisdiction over this matter was filed four days after the defendants removed this case to this Court, and is thus clearly timely. See Wheeling-Pittsburgh, 267 B.R. 535 at 538 (Courts have adopted a flexible standard with regard to "timeliness" of a motion requesting abstention). Next, the plaintiffs' causes of action, which ask for declarations regarding contractual rights of the parties to this civil action, and for damages resulting from alleged conversion, are all grounded in West Virginia common law.

RG Steel has also admitted both in response to the motion for remand, and in the defendants' notice of removal, that this civil action is a non-core proceeding related to the RG Steel bankruptcy matter. Finally, there is no basis for federal jurisdiction over this case absent 28 U.S.C. § 1334. As noted above, all of the plaintiffs' claims invoke solely state law, and thus no federal

question jurisdiction exists under 28 U.S.C. § 1331. Nor does this Court have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the parties admit that Mountain State and RG Steel share the same citizenship.

However, the fifth element outlined above, which directs this Court to determine whether this action was commenced in state court with proper jurisdiction and is capable of timely adjudication in that Court, is contested by RG Steel. Accordingly, this Court will examine this element in more detail. Initially, this action was obviously commenced in state court with proper jurisdiction.[1]

However, RG Steel argues that the state court is not capable of timely adjudicating this case. The United States Court of Appeals for the Fourth Circuit has not spoken regarding which party bears the burden of proving the issue of timely adjudication in state court, and district courts in this district have varied on the subject. See Bowles v. Massey Energy Co., No. 2:12CV05997, 2012 U.S. Dist. LEXIS 179187, at *30 (S.D. W. Va. Dec. 19, 2012) (discussing the issue of burden and presumption regarding timely

---

[1] RG Steel raises an argument that this action was not commenced in state court. This argument is based upon RG Steel's claim that a settlement agreement was reached which mandated that the case be dismissed, but then breached by the plaintiffs when they filed an amended complaint in state court. However, this argument is raised only in a footnote, and RG Steel offers no support for their bare assertion that these events somehow create an issue as to whether this action was commenced in state court. This Court is unable to find any basis for this argument, and based upon the information and law provided to this Court, it seems clear that the plaintiffs commenced this action in state court, and it was never dismissed by the state court prior to removal.

adjudication in state court). As a result of this split, this Court has examined all evidence presented and has found that, regardless of which party bears the burden in this regard, the plaintiffs have presented sufficient evidence to show that timely adjudication in state court is possible.

In support of mandatory abstention, the plaintiffs argue that the state court has consistently handled all motions, and held the parties to a strict schedule with regard to submission of documents. Further, the plaintiffs note a number of hearings scheduled and held in an expeditious manner in response to motions by the parties. The plaintiffs also cite to a number of examples of the state court's expeditious handling of this case with regard to the court's response to filings by both parties.

In opposition to the plaintiffs' offering of evidence of timely adjudication, RG Steel asserts that minimal progress had been made in litigating this case in state court over a period of five months. It claims that no discovery had taken place, and only three hearings had been held. RG Steel also asserts that the judges presiding over this case in state court are unable to timely adjudicate this matter. The original judge assigned to the case, Judge Martin J. Gaughan, stepped away from the bench for medical leave, and according to RG Steel, was replaced by Judge Fred L. Fox, II, a Senior Judge who normally sits in Marion County, over an hour from Brooke County. Further, RG Steel argues that the plaintiffs' assertions of timeliness fail to consider the needs of

the bankruptcy case and the effect of this litigation on RG Steel Wheeling's reorganization. It also notes that, due to the related bankruptcy case, this case was subject to a mandatory stay in the state court.[2]

In reply, the plaintiffs argue that RG Steel has provided nothing but speculation that the state court could not timely adjudicate this matter, while the plaintiffs have provided evidence that it could. Such speculation, they argue, is insufficient to rebut the evidence that they have provided in favor of abstention. This Court agrees, and thus finds that the plaintiffs have shown that the state court can timely adjudicate this case. The plaintiffs have presented evidence that this case was actively adjudicated before it was removed, and RG Steel has presented no such evidence contrary to the same. RG Steel presents conclusory statements that very little progress had been made in state court prior to removal, but does not present any examples or evidence to support these statements. Simply because no discovery had taken place and only three hearings had been held, does not mean that the state court was not expeditiously adjudicating this matter, based upon the unique circumstances of the case.

Further, RG Steel's assertion that this case cannot be litigated in a timely manner because of the personal circumstances of the judges placed on the case is without merit. Simply because

---

[2]This Court finds this argument to be of no consequence, because the mandatory stay applicable in Circuit Court of Brooke County would be likewise applicable in this Court.

a judge on the case is located outside of the county, or because circumstances require that a new judge be assigned to preside over the case, does not, in itself, serve as evidence that the case cannot be expeditiously handled. There has been no showing that the judges assigned to this case have actually had any negative impact on the progress of litigation.

Finally, while this Court is conscious of the fact that the timeliness of a state court litigation process and the effect that it may have on the bankruptcy proceeding must be considered, the defendants have offered no evidence or argument to support a conclusion that the state court proceeding would have any effect on the bankruptcy court proceedings here. Simply asserting that the same must be considered without offering evidence of why such considerations are applicable is insufficient to show that the matter cannot be timely adjudicated in state court. As a result, this Court finds that mandatory abstention is applicable, and must thus abstain from exercising jurisdiction over this case. This case is thus remanded to the Circuit Court of Brooke County. RG Steel's motion to transfer venue, as well as all pending state court motions, are thus denied without prejudice.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to abstain and remand (ECF No. 13) is GRANTED, defendant RG Steel's motion to transfer venue (ECF No. 15) is DENIED WITHOUT PREJUDICE, RG Steel Wheeling's motion to dismiss (ECF No. 3) is DENIED WITHOUT

PREJUDICE, defendants William C. Beinecke, Thomas Cera, RG Steel, and Ronald Shoemaker's motion to dismiss (ECF No. 6) is DENIED WITHOUT PREJUDICE, and the plaintiffs' motion for preliminary injunction and temporary restraining order (ECF No. 4) is DENIED WITHOUT PREJUDICE. This case is REMANDED to the Circuit Court of Brooke County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 21, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE